Darrell Ray **TUCKER**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15059.

Court of Criminal Appeals of Oklahoma.

July 1, 1970.

---

Jay D. Dalton, Tulsa, for plaintiff in error, on Appeal.

G. T. Blankenship, Atty. Gen., Duane Lobaugh, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Darrell Ray Tucker, who shall hereinafter be referred to as defendant, was charged with Robbery with Firearms, After Former Conviction of a Felony. He was tried before a jury, found guilty, and sentenced to the penitentiary for a period of Ten to Thirty Years. It is from that judgment and sentence that defendant has lodged his appeal. In his petition in error, he asserts two assignments of error, which he also argues in his brief. They are as follows: (1) Error of the court in refusing to grant the defendant a sanity hearing or be confined for a period of observation at the Eastern State Hospital prior to trial; and, (2) Error of the court in admitting evidence of defendant's former convictions and excepted to by defendant.

The proceedings which took place pertaining to the first assignment of error were as follows:

"(Monday, June 3, 1968)

MR. HARRIS: If it please the Court, comes now the defendant, by and through his attorney of record, and asks permission to file this in open court, entitled "Application to Commit Defendant for Mental Observation" at the Eastern State Hospital for a period not to exceed 90 days, on the basis that I feel at the present time that the defendant cannot aid in his defense in the manner that is suitable for this trial.

I also have his wife available, Your Honor, who will testify to a like and similar situation as I have called and for the purpose of this motion only to His Honor's attention, as well as Mr. Fallis' and Mr. Baker's attention, that there is a strong possibility in my feeling that this man, prior to his commitment to the

County Jail, had been under the influence of narcotics and that possible inability of myself to communicate with him and also the feeling of his wife is possibly a withdrawal from the time he has been in the Tulsa County Jail, and I submit that only for the benefit of this motion.

MR. FALLIS: If it please the Court, we were informed of the possibility of this motion at approximately 12:00 noon today.

MR. HARRIS: That is correct, Your Honor.

MR. FALLIS: In my office by Mr. Harris. It is the first indication we have had of such an application. It should be noted that this case was filed on March 26, 1968. A preliminary hearing was held on April 18, 1968, and that this case has been set for trial since May 16, 1968.

We would object to a continuance of this trial for the purpose of observation, since the motion seems to come at a belated hour, yet I would inquire of the Court and Mr. Harris if he has evidence he wishes to present from the witness stand in regard to the present condition of the defendant, insofar as his right or ability to aid in his own defense and to distinguish right from wrong.

MR. HARRIS: *No, I have none, other than what I have stated to the court, because I am not in a position to determine what is right and wrong.* (emphasis ours)

THE COURT: I feel that the motion comes too late at this time; however, I, in the past, when conditions of this type have arisen, that if the defendant is found guilty, I would delay the imposition of formal sentencing and permit the defendant to be remanded for a period of observation if counsel still is of this opinion at that time. And allow an exception for the defendant.

MR. HARRIS: Thank you, your Honor."

No doubt defendant's complaint is based upon 22 O.S.1961, § 1162, wherein it is provided:

"When an indictment or information is called for trial, or upon conviction the defendant is brought up for judgment, if a doubt arise as to the sanity of the defendant, the court must order a jury to be empaneled from jurors summoned and returned for the term, or who may be summoned by direction of the court, to inquire into the fact."

This question has been passed on by this Court many times. From a review of the previous cases, it is obvious that the trial court is to determine by all the facts and evidence before him if such a doubt exists in his mind to act under the statute [22 O.S.1961, § 1162]. It is up to the trial judge to weigh the evidence and conclude whether or not it is sufficient to put the defendant's sanity in question. In the instant case, there was no offer of evidence. In an oral statement, the attorney for the defense said, "I feel at the present time that the defendant cannot aid in his defense in the manner that is suitable for this trial." He further said defendant's wife was available, who would testify to the same thing. He further stated that there was a strong possibility in his feeling that this defendant had been under the influence of narcotics prior to the commission of the offense.

The District Attorney inquired of the court, as follows: "I would inquire of the court and Mr. Harris if he has evidence he wishes to present from the witness stand in regard to the present condition of defendant, insofar as his right or ability to aid in his own defense and to distinguish right or wrong." His answer was: "No, I have none, other than what I have stated to the court, because I am not in a position to determine what is right and wrong."

 This Court does not feel that the evidence was sufficient to cause a doubt to exist in the trial judge's mind, and therefore, did not abuse his discretion as set forth in Johnson v. State, 73 Okl.Cr. 370, 121 P.2d 625, where the Court said:

"[W]hile the court cannot act arbitrarily in the matter, it has the right to look to

the source of the information, and come to a proper conclusion, from all the facts and circumstances, whether there is a doubt in his mind as to the sanity of defendant."

 Defendant's next contention of error arises out of his objection to the former conviction alleged in the information by contending the record failed to show that defendant was represented by counsel at the time judgment and sentence was rendered. We find very little merit to defendant's contention in this respect, because the burden was upon him to show that he was not represented by counsel, this he failed to do. When the state rested, defendant was afforded an opportunity to prove by competent evidence that he was without counsel when he was found guilty and sentenced on the previous offense. The casemade reflects that the following occurred:

"MR. BAKER: The state rests, Your Honor, on its second stage of this proceeding.

THE COURT: Mr. Harris, do you desire to proceed?

MR. HARRIS: We have nothing to offer at this time, Your Honor."

The defendant cites as authority the case of Trammel v. Page, Okl.Cr., 444 P.2d 472, which is distinguishable from the case at bar. In the above cited case, the defendant took the stand and testified that he was not informed that he had a right to counsel, or that the court would furnish counsel if defendant was indigent. He also testified he entered a guilty plea, because he was scared and the county attorney offered him 15 years and he did not have any funds or advice. There was no testimony to refute this.

The instant case reflects that defendant was represented by Mr. Harris, the same attorney that represents him now. But there is nothing to show that he was represented by counsel at the time of judgment and sentence.

However, there is nothing of record to indicate that Mr. Harris withdrew before judgment and sentence. Therefore, the trial judge made a finding that from examination of the entire record, that defendant was represented by counsel at the time he was sentenced on previous convictions. The defendant offered no testimony to prove his contention, therefore, we conclude that the trial judge was correct in his ruling.

The judgment and sentence is therefore affirmed.

BRETT, P. J., and BUSSEY, J., concur.