BRADY, Justice:
At the outset, we find that while the proof that “merchantable timber” was cut from the appellant’s land is not vivified with superfluous detail, there is sufficient testimony presented to the jury to permit it to find that the timber which was cut was merchantable.
After a careful review of the record and a study of the briefs submitted in this cause, we reach the inescapable conclusion that it was reversible error for the trial judge to deny the appellant the instruction requested as to the form of their verdict in the event the jury should return a verdict in favor of the defendant. The instruction refused was as follows:
The Court charges the Jury that, should you find a verdict in favor of the Defendant, the form thereof may be as follows:
“We, the Jury, find the Defendant not guilty.”
*914 The state had been given an instruction which substantially followed the charges set forth in the indictment and in conclusion instructed the jury that if it found the defendant guilty as charged the form of the verdict should be in the following words, to-wit:
“We, the jury, find the defendant guilty as charged.”
It follows, therefore, that the appellant was entitled to the instruction which was refused by the lower court. The defendant does not have to surmise or speculate as to what verdict the jury may bring in in the event he is found not to be guilty of the charge, and therefore the defendant was entitled to this instruction which he requested and which was improperly denied by the court.
For the foregoing reasons, the judgment of the lower court is reversed and remanded.
Reversed and remanded.
ETHRIDGE, C. J., and RODGERS, PATTERSON, and SMITH, JJ., concur.