Lawrence William DEAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–16994.

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1972.

Don Anderson, Public Defender, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Lawrence William Dean, hereinafter referred to as defendant, was convicted in the District Court of Oklahoma County, Case No. CFR 71-412, of burglary in the second degree, after former conviction of a felony, and sentenced to ten years imprisonment. Judgment and sentence was imposed on April 16, 1971, and this appeal perfected therefrom.

It was charged by information that defendant committed the offense of burglary in the second degree by unlawfully breaking and entering into a house in Oklahoma City belonging to Ayn Walker on February 16, 1971, by prying off a storm screen from a window, breaking the window, and entering therein with the intent to steal property therefrom. The evidence established that on February 16, 1971, a witness saw the defendant attempting to open the door of the residence of Ayn Walker. This witness then observed the defendant remove a window screen, unlatch the window, and enter. Ayn Walker testified that while she was away from her home on February 16, 1971, the front window was broken out. Three police officers testified that they apprehended defendant in the back yard of the residence. Defendant testified that he was in the neighborhood looking for his aunt's house. He testified that he had gone to the back door of the Walker residence to knock when he was arrested by the officers. Defendant denied breaking or entering the Walker residence.

On the basis of this evidence the jury returned a verdict finding the defendant guilty of burglary in the second degree. The second stage of the trial was then conducted with the reading of the information charging that defendant had previously been convicted of a felony, and the admission of evidence that defendant had previously been convicted of second degree burglary. The court instructed the jury in this phase of the trial that burglary in the second degree was punishable by imprisonment for a term of from two to seven years; and further, that punishment for burglary in the second degree after former conviction of a felony is punishable by imprisonment for a term of not less than ten years imprisonment.

The defendant, in this second phase of the trial, requested a verdict form by which the jury might fix the punishment for second degree burglary. The court refused and provided the jury only with the form by which they could fix punishment as an habitual criminal. A standard instruction which reads: "Forms of verdicts will be given you. From them you should choose only the one to be used by you in expressing your decision." was altered by the trial judge to read: "Form of verdicts will be given you. From it you should choose the punishment used by you in expressing your decision."

■ By this instruction, and the court's failure to give the requested verdict form

in which the jury could assess punishment for burglary, as if it were a first conviction, the jury was left no alternative but to punish the defendant as a subsequent offender with a minimum of ten years imprisonment. This is error. A jury should be provided with sufficient verdict forms covering all possible verdicts that the jury might reach. Kramer v. State, 97 Okl.Cr. 36, 257 P.2d 521. Webster v. State, 96 Okl.Cr. 44, 248 P.2d 646.

In Payne v. State, Okl.Cr., 388 P.2d 331, this Court stated:

"Under second and subsequent offense statute, jury should be charged with sole responsibility of reaching verdict as to guilty or innocence of defendant upon charge for which he is being tried, and if jury returns verdict of guilty, evidence should then be presented to prove second portion of information as to prior convictions and jury should then retire to assess punishment within limits prescribed by statute for primary offense, and, if they find him guilty of prior conviction, they may set punishment as provided in second and subsequent offense statute. 21 Okl.St.Ann. § 51."

■ Where a defendant is tried as a subsequent felony offender under 21 O.S. 1971, § 51, the jury is not compelled as a matter of law to find the defendant guilty on the specific charge that he has a former felony conviction. After a jury has heard the charge that the accused has a former felony conviction, and heard evidence of such a conviction, it is still within their province to find the defendant not guilty on the former conviction charge and to assess punishment as if the defendant were a first offender. Since the jury has this alternative, the jury should be provided with a specific verdict form in which they can indicate such a verdict. The failure of the trial court to provide on request such a verdict form is error.

■ However, since this error occurred in the second phase of the trial, after the jury had determined that the defendant was guilty of the offense of burglary in the second degree, we are of the opinion that modification would be the appropriate relief. There can be no question that the evidence was sufficient to support the verdict that the defendant was guilty of burglary in the second degree. Furthermore, the error herein, concerning the verdict forms, in no way effected the jury's verdict finding the defendant guilty of the primary offense of burglary. Accordingly, the judgment and sentence assessing defendant's punishment at ten years imprisonment for the offense of burglary in the second degree, after former conviction of a felony, is hereby modified to assess defendant's punishment at six years imprisonment for the offense of burglary in the second degree. As so modified the judgment and sentence is hereby affirmed.

BUSSEY, P. J., concurs.