**Bobby Stewart BOYD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17862.**

Court of Criminal Appeals of Oklahoma.

Feb. 27, 1973.

Don Anderson, Public Defender, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court of Oklahoma County, State of Oklahoma, Case No. CRF–71–3101, the Appellant, Bobby Stewart Boyd, hereinafter referred to as Defendant, was charged, tried, and convicted for the offense of Forgery in the Second Degree After a Former Conviction of a Felony. His punishment was fixed at ten years imprisonment. From that judgment and sentence he has perfected his timely appeal to this court.

At the trial Laura McGuinn testified that on the afternoon of December 14, 1971, she was a teller at the First National Bank, Oklahoma City, Oklahoma. On that afternoon a black male, whom she could not identify, presented a $500.00 check, which she identified as State's Exhibit 1, dated December 12, 1971, signed by, and drawn upon the account of Mamie C. Goddard. The bearer of the check was directed to Mr. David Rinehart for endorsement approval. After approval Laura McGuinn verified the account for sufficiency of funds, cashed the check, and delivered the face amount to this unidentified person.

David Rinehart, the paying and receiving officer at the above bank, testified the Defendant, whom he identified as the bearer of the above check, was directed to him by Laura McGuinn for endorsement approval. The Defendant made an additional endorsement in his presence, he approved the endorsement, and the Defendant returned to the teller's cage.

Mamie Goddard testified she maintained an account at the First National Bank, Oklahoma City, Oklahoma. She stated that on December 13, 1971, her house was burglarized and approximately six blank checks taken from the premises. Mrs. Goddard stated she had never met or done business with the Defendant and did not issue a check to him at any particular time. She stated the signature of Mamie Goddard on State's Exhibit 1 was not her signature. Thereafter, the State rested.

The Defendant testified that on December 14, 1971, in a conversation with Mr. Kermit James in front of the Unemployment Office, he learned that Mrs. Goddard had rental property which needed remodeling. From this conversation he learned James was unable to perform the work and

it was suggested the Defendant talk with her about a job. The Defendant talked with Mrs. Goddard at her residence with the discussion culminating in an oral agreement in which the Defendant agreed to redecorate three east Oklahoma City one-bedroom rental houses for the consideration of $1,100.00. She advanced him a check for $500.00, State's Exhibit 1, which he cashed at the bank that same day. For various reasons stated he did not perform on the contract. He did not go to the houses where the work was to be performed nor did he recall the addresses of the houses. On January 25, 1972, he discussed the work he was to perform with Henry L. Gaines, who agreed to help him complete the job. He and Gaines met with Mr. and Mrs. Goddard at the Goddard residence and following an argument between him and Mrs. Goddard a check for $600.00 was delivered to Gaines, State's Exhibit 5 introduced without objection, for payment of the balance on the agreement. Gaines cashed this check at the First National Bank that same day. Shortly thereafter both Gaines and the Defendant were arrested at the bank. Also the Defendant admitted a previous felony conviction for which he had received a full Governor's Pardon.

Mrs. Goddard testified in rebuttal that the signature on State's Exhibit 5 was not her signature. Further she stated she had never contracted with Gaines nor the Defendant for the remodeling of any properties.

Henry L. Goddard testified that he was Mamie Goddard's husband. He denied contracting with the Defendant or Gaines for the remodeling of any rental properties.

Floetta Holland testified she was a teller at the First National Bank of Oklahoma City. On January 25, 1972, Gaines presented State's Exhibit 5 for payment. Gaines was directed to a bank official to have the check endorsement verified.

Thereafter, she observed Gaines placed under arrest by the bank's security officer.

James H. Reading testified that he was the security officer at the First National Bank and on January 25, 1972, he arrested the Defendant and Gaines on the bank's premises.

Ernest Smith, questioned document examiner for the Oklahoma Bureau of Investigation, testified that in his opinion the signatures of Mamie C. Goddard on State's Exhibits 1 and 5 were forgeries. The State and Defense rested. Counsel stipulated to the Defendant's prior forgery conviction at the second stage of trial proceedings.

■ In the Defendant's first proposition Counsel asserts the jury's verdict is not supported by sufficient evidence. We have repeatedly held that where there is a conflict in the testimony, it is the exclusive province of the jury to weigh the evidence and ferret out the truth; and if there is competent evidence to support the jury's findings, we will not disturb the verdict on appeal. Enoch v. State, Okl.Cr., 495 P.2d 411 (1972). The evidence unequivocally identified the Defendant as the perpetrator of the alleged offense and is sufficient to support the elements of the offense as charged. Therefore, the resolution of the conflict in the evidence by the trier of facts will not be disturbed.

■ Counsel's second proposition asserts the punishment is excessive. We have repeatedly held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case. In the instant case, the minimum punishment which could be fixed by the jury was ten (10) years. Coupling the overwhelming evidence of the Defendant's guilt with the State's proof at the second stage of trial proceedings which established beyond a reasonable doubt this offense to be the Defendant's second forgery offense, we cannot conscientiously say the sentence im-

posed shocks the conscience of this court. Wofford v. State, Okl.Cr., 494 P.2d 672 (1972). The judgment and sentence is

Affirmed.

BUSSEY and BRETT, JJ., concur.