**Garry Don GARRETT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–255.**

Court of Criminal Appeals of Oklahoma.

July 22, 1974.

As Corrected July 25, 1974.

James O. Braly, Durant, for appellant.

Larry Derryberry, Atty. Gen., Kenneth L. Delashaw, Jr., Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

The appellant, Garry Don Garrett, hereinafter referred to as defendant, was charged by Information in the District Court of Bryan County, Oklahoma, with the crime of Forgery in the Second Degree, After Former Conviction of a Felony in Case No. CRF–73–170. Upon trial, the jury in a two stage proceeding found the defendant guilty as charged and assessed his punishment at a term of ten (10) years imprisonment in the state penitentiary. After judgment and sentence in accordance with said verdict, the defendant perfected his timely appeal.

Briefly stated, the evidence adduced at trial is as follows: Alvin D. Green, owner of a retail liquor business in Colbert, Oklahoma, identified State's Exhibit No. 1 as being a two party check in the amount of $12.00 which he cashed for the defendant on July 11, 1973, the same being written on the First National Bank of Durant. The maker of the check was one Jimmy Smith and the payee was the defendant. The witness further testified that the defendant endorsed the check in his presence and that

the check was later returned marked "No Account". On subsequent cross-examination, Green stated that there was a Jimmy Smith who lived in Colbert.

Mr. Bert Weger related that on July 11, 1973, he was assistant cashier with the First National Bank of Durant, identified the $12.00 check drawn on his bank and stated that he could find no record of any account in the name of Jimmy Smith.

Bryan County Deputy Sheriff William A. Lilley identified State's Exhibit 2 as being a sample of the defendant's handwriting known as a London Letter Exemplar taken while the defendant was incarcerated in the county jail. Mr. Lilley testified that the defendant wrote the sample in his presence. Mr. Lilley also identified State's Exhibit 3 as being a subsequent London Letter Exemplar secured from the defendant on December 10, 1971. The witness stated that both samples had been forwarded to the Oklahoma State Bureau of Investigation.

The State's next witness, Bruce Plank, testified that he is employed by the Oklahoma State Bureau of Investigation as a Questioned Document Examiner. Agent Plank identified State's Exhibits 1, 2 and 3 as being documents that he had previously examined. Agent Plank related that in his opinion the individual who penned the writing on State's Exhibit 1, the check, both front and back, was the same person who gave the exemplars, State's Exhibits 2 and 3.

William Lilley was then recalled to the stand and explained the procedure he used to obtain the handwriting samples. The State then rested.

Mrs. Reatha Garrett, mother of the defendant, testified on behalf of her son relating that when she learned of the criminal charge pending against her son, she went to Mr. Al Green to see if she could make restitution to him in the amount of $12.00. Bert Weger was then recalled and testified that he did not know who wrote the check in question. The defendant did not testify in his own behalf.

■ Defendant's first proposition in error urges essentially that there was insufficient evidence presented at trial to sustain the verdict of the jury. With this contention we cannot agree. A reading of the record as a whole reflects that there was sufficient direct and circumstantial evidence presented by the State to prove a prima facie case of the crime charged. See Hurley v. State, Okl.Cr., 416 P.2d 967. The jury then became the exclusive judge of the weight of the evidence and the credibility of the witnesses. It is our opinion that there is competent evidence in the record from which the jury might reasonably conclude that the defendant is guilty and, therefore, the verdict will not be interferred with by this Court. Defendant's first proposition in error is without merit.

■ The defendant next urges that the trial court erred in admitting State's Exhibit 1, the check in question, into evidence as it had not been properly identified. Again, we do not agree. Both Green and Weger identified the instrument, Green stating that the defendant cashed same. The analysis of the expert then connected the check with the defendant.

■ The defendant next argues that Agent Plank was not an expert in his field. However, the record shows that no objection was made to Plank's testimony as an expert or his expertise in his field. Defendant's argument is, therefore, without merit.

■ The defendant then attacks the constitutionality of the use of handwriting exemplars. However, this Court in Smith v. State, Okl.Cr., 462 P.2d 328 held that the taking of handwriting exemplars does not violate a defendant's constitutional rights in that same are comparable to fingerprints and as such are an identifying physical characteristic.

■ The defendant next urges that the following statement made by the prosecuting attorney during his closing argument:

"But I do want you to consider when you do retire to the jury room, that on

voir dire examination I said it's only $12.00, but that's really not material, because a crime has been committed. It's not like other crimes where the amount becomes material, because it could have been for any amount."

was prejudicial to the rights .of the defendant, and that the trial court should have admonished the jury not to consider same. However, the record reflects that the defendant failed to raise the alleged error in his motion for new trial and did not argue same. The error, if any, was waived by the actions of the defendant in failing to argue same during the hearing on said motion. See Neal v. State, Okl.Cr., 506 P.2d 936.

■ It should be further noted that in the instant case the complained of statement did not constitute error. A prosecuting attorney should certainly be free to inform the jury that in his opinion a crime has been committed. Therefore, defendant's proposition is without merit.

■■ The defendant finally urges that the punishment imposed, under the circumstances, was excessive and should be modified by this Court. We have held on numerous occasions that we are without power to modify a sentence unless it can be said that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. See Severs v. State, Okl.Cr., 477 P.2d 695. In the instant case the jury imposed the minimum possible punishment for forgery in the second degree after former conviction of a felony. Therefore, we cannot say that the sentence should be modified nor do we have the power to modify same.

Therefore, for all the reasons set out above the judgment and sentence appealed from should be, and the same is hereby

Affirmed.

BRETT and BUSSEY, JJ., concur.