Norman **LISTER**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–546.

Court of Criminal Appeals of Oklahoma.

Nov. 19, 1974.

Rehearing Denied Dec. 10, 1974.

Meacham, Meacham & Meacham, Clinton, for appellant.

Larry Derryberry, Atty. Gen., Kenneth L. Delashaw, Jr., Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge.

Appellant Norman Lister, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Custer County, Case. No. CRF–72–141, for the offense of Forgery in the Second Degree, After Former Conviction of a Felony; his punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Mrs. Pauline Martinez testified that on November 10, 1972, while employed as a cashier at the Arapaho Liquor Store in Arapaho, Oklahoma, she received the check she identified as State's Exhibit #1. Mrs. Martinez said that a black man, approximately 40 years old and 5′ 8″ tall, wearing an overcoat and having a mustache, gave her the $27.50 check in exchange for two pints of Canadian Liquor and some cash. She further testified that at the time of the purchase the man endorsed the back of the check with the name "James Wilson," and this check was

drawn on the account of Bill Smith and made payable to James Wilson. Mrs. Martinez concluded her testimony saying that the check had been returned from the payee bank at Clinton marked "no account" and that the amount had never been collected. Following her testimony State's Exhibit #1 was entered into evidence.

Leroy Pearson, Vice President and cashier of the First National Bank of Clinton, also identified Exhibit #1, testifying that his bank had received the check from the Federal Reserve on November 14th, and that he then ascertained that his bank did not have an account in Bill J. Smith's name, nor had they had for at least a year prior to November 10, 1972.

Custer County Undersheriff Richard Mueller identified an instrument marked State's Exhibit #2, as a form used for obtaining a handwriting exemplar. He testified that the form was filled out March 8, 1973, in his presence by the defendant, whom he identified at trial, and that it was then given to the District Attorney. At this point State's Exhibit #2 was entered into evidence. The witness further testified that on or about November 10, 1972, he determined, through the use of criss-cross directories, and other records, that no one by the name of Bill J. Smith resided in Custer County. On cross-examination, the witness explained that he had arrested the defendant on March 8, 1973, and taken the handwriting exemplar the same day.

Ernest Smith, an examiner of questioned documents from Oklahoma City, who was qualified as an expert witness with 18 years experience, testified that he had examined State's Exhibits #1 and #2, and that, in his opinion, the instruments were written by the same person. The witness also gave a lengthy, technical analysis of the writings. At this time State's Exhibit #3, an enlarged copy of portions of the other two exhibits, was introduced and admitted into evidence as a demonstrative exhibit. With the above evidence, the State rested.

Testifying in his own behalf, the defendant told the jury that he had lived in Clinton all his life and that he currently worked for a pipeline company. He admitted that in 1963 he had entered a guilty plea to a robbery charge and received a suspended sentence. He added that later in 1963, his suspended sentence was revoked when he received another suspended sentence for a second felony charge. The defendant explained that the second charge stemmed from a gambling game which he won, with one of the losing players susbsequently filing armed robbery charges against him.

The defendant further testified that since 1961, he had worked for a local cotton gin every year, that he did not have a bank account, that he did not write the check in State's Exhibit #1, and that he had not been in the Arapaho Liquor Store for a long time, nor since the present owners had operated it.

On cross-examination, the defendant admitted that in September, 1955, he was convicted of Forgery in the Second Degree, in Custer County.

In the first-stage jury proceedings, the defendant was found guilty of the offense and plead guilty to the Former Conviction and waived the second-stage of the proceedings and agreed to the court assessing the punishment.

■ In his first proposition of error, the defendant contends that his constitutional rights under the Sixth Amendment were violated because the handwriting exemplar elicited from him after his arrest was without the presence of counsel. In this connection the defendant relies on Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), holding that a defendant has the right to counsel in post-indictment interrogation.

We would point out, however, that the taking of handwriting exemplars was distinguished from other post-indictment interrogatories in Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178,

providing that it is not required that counsel be present when handwriting exemplars are taken from an accused; nor does the taking of such exemplars violate the constitutional rights of the defendant. For Oklahoma cases holding the same, see Smith v. State, Okl.Cr., 462 P.2d 328 (1969) and Garrett v. State, Okl.Cr., 525 P.2d 1238 (1974). Accordingly, we find the first proposition to be without merit.

■ Defendant next asserts that reversible error occurred when the court overruled his Motion for a Mistrial on the basis of a question asked in the cross-examination of the defendant. The alleged error, found at pages 80–81 of the transcript, reads as follows:

"Q. Norman, you were talking about that little old charge back in 1963, that is the one where you were gambling. Did you not in truth and fact stab a man with a knife?

MR. MEACHAM: We will object to that and move that the jury be admonished——that it be stricken from the record and the jury be admonished not to consider it for the reason it is highly inflammatory and had no basis in fact.

THE COURT: Sustained. Ladies and Gentlemen of the Jury there is a rule in evidence that if anybody testifies in court you can show that they have a prior conviction of a felony for the purpose of the jury weighing the credibility of what the witness has testified to in court, and that is the only purpose that you can show a prior conviction of a felony and that is all you can show is a prior conviction of a crime, and it is only solely for the purpose of weighing the credibility of that witness's testimony.

Anything else would be irrelevant and improper and that question the objection is sustained to it.

The jury is asked to disregard it completely, and it was just a question. There isn't any answer, no fact, or noth-ing along that line. So please disregard it."

The defendant then moved for a mistrial and the motion was overruled.

The defendant, in his brief, relies on Winn v. State, 94 Okl.Cr. 383, 236 P.2d 512 (1951) wherein this Court held that while the prosecuting attorney may interrogate the defendant for the purpose of affecting his credibility, the trial court should not allow the examination to be enlarged by asking details of the crime in which the conviction was sustained. Clearly, that case holding is consistent with the action taken by the trial court in the instant case, where the defendant was not allowed to answer the question at all.

A similar situation was dealt with in Pierce v. State, Okl.Cr., 383 P.2d 699 (1968), where this Court held:

"Before the witness had an opportunity to answer, the defendant objected and moved for a mis-trial. The trial judge promptly sustained the objection and overruled the motion for mis-trial. The answer to the question was never received by the jury, consequently, we cannot see where the defendant was prejudiced to the extent of requiring reversal."

We find the same holding applicable in the instant case, and accordingly, find the second contention to be without merit.

■■ In the third proposition of error, the defendant argues that the evidence presented at trial did not support the verdict and for that reason the case should be reversed.

Although citing no authority for his contention, the defendant relies primarily on the fact that the witness who received the check, Mrs. Martinez, failed to identify the defendant at trial during direct examination. A review of the testimony shows, however, that the witness indicated that she had identified the defendant from pictures as the same person who had given her the check and that he fit the description she had given to police after the inci-

dent. Evidence was also presented through the State's expert witness that handwriting comparisons made from the forged instrument and the defendant's handwriting exemplar, showed the two instruments to have been written by the same individual.

Accordingly, we find ample evidence in the record upon which the jury could have based its decision. We have repeatedly held that where there is a conflict in the testimony it is the exclusive province of the jury to weigh the evidence and ferret out the truth, and if there is competent evidence to support the jury's findings, we will not disturb the verdict on appeal. See Boyd v. State, Okl.Cr., 507 P.2d 601 (1973).

 In his final proposition the defendant contends that error occurred because the trial court refused to furnish the jury with his requested instructions allowing them to find him not guilty of a former conviction for sentencing purposes, thus forcing him to involuntarily waive the second-stage jury trial.

The facts in the record reveal that in an in camera proceeding following the delivery of the first-stage guilty verdict, the defendant agreed to waive introduction of evidence in the second-stage proceedings, since he had already testified during the first part of the trial about three previous felony convictions. The next day before commencing the second-stage, the defendant requested instructions be submitted to the jury whereby they could sentence the defendant either on the simple offense by finding him not guilty of previous offenses, or on the offense After a Former Felony Conviction. The trial court refused to so instruct and the defendant elected to waive jury consideration of the sentence in exchange for the minimum (After Former) sentence of ten (10) years.

In this proposition the defendant cites Dean v. State, Okl.Cr., 502 P.2d 358 (1972) as the controlling authority. However, with this interpretation we cannot agree.

In *Dean,* supra, the defendant requested a verdict form by which the jury might fix the punishment for Second Degree Burglary, but the court refused to so instruct and only issued a form for Second Degree Burglary, After a Former Felony Conviction. This Court held that this constituted error; however, the facts in *Dean,* and in the instant case, are far from analogous. In the former, the trial court had received evidence of the defendant's prior convictions during the second stage of the trial, and the defendant had not testified. Clearly, that is distinguishable from the instant case.

We find that the controlling authority in the instant case is cited in Jones et al. v. State, Okl.Cr., 527 P.2d 169 (1974) wherein a similar proposition alleged error because the jury was not instructed in the alternative that it could sentence either on the subsequent offense or on the simple offense. In response we said:

"We note in this regard that Jones and Lee confessed their prior convictions. It is a limited exception in this regard that when defense counsel stipulates that former convictions are defendant's convictions, or when defendant under oath confesses the former convictions, there is no question of fact, within the jury's province, of whether defendant is guilty for the primary offense of the offense charged with former convictions."

Also see White v. State, Okl.Cr., 520 P.2d 368 (1974).

In the instant case the defendant confessed his prior convictions, so had the second-stage proceedings been tried by the jury, they should only have been instructed on sentencing for the subsequent offense. Therefore, there was no error by the trial court and none would have resulted had the defendant chosen not to waive jury sentencing. It should also be noted that no prejudice was incurred by the defendant in his choice to waive the second-stage, in light of the fact that he received the mini-

mum sentence allowed under the statute. We, therefore, find this contention to be without merit.

For all the above and foregoing reasons, the judgment and sentence appealed from is affirmed.

BLISS, P. J., and BRETT, J., concur.