**William Joseph LEE, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–77–637.**

Court of Criminal Appeals of Oklahoma.

March 24, 1978.

## ORDER AFFIRMING DENIAL OF POST-CONVICTION RELIEF

Petitioner, William Joseph Lee, was convicted of Rape, After Former Conviction of a Felony in the Tulsa County District Court, Case No. 23,783. This Court affirmed that conviction, *Lee v. State,* Okl. Cr., 485 P.2d 482 (1971). On August 10, 1977, petitioner applied to the district court for post-conviction relief, pursuant to 22 O.S.1971, § 1080 et seq. The Honorable Robert G. Green denied said application and from that denial petitioner has appealed to this Court.

Two prior felony convictions were used to enhance defendant's punishment. One was for Interstate Transportation of a Stolen Vehicle, arising out of the United States District Court for the Northern Judicial District of Oklahoma. The other was for Robbery in the First Degree, in the District Court for Hennepin County, State of Minnesota.

■ Petitioner attacks the Minnesota conviction on the grounds that he was not represented by counsel at all stages of the proceedings. In petitioner's original appeal we stated concerning this issue:

"After reviewing the record of trial we are convinced that Defendant has not met the burden of proof to show that those convictions do not meet the requirements of *Burgett v. Texas,* 389 U.S. 109,

88 S.Ct. [258, 19 L.Ed.2d 319] paragraph of the syllabus to *Tucker v. State,* Okl. Cr., 473 P.2d 332 (1970), provides as follows:

'Where a collateral attack is made upon a judgment and sentence of a previous conviction, the burden of proof is upon defendant to prove he was without assistance of counsel and that he made no waiver to his right to have his attorney present.' "

After giving this issue full consideration we remain of the opinion that petitioner has failed to meet the burden of proof required of *Burgett v. Texas,* supra.

Petitioner also asserts that it was error for this Court to allow the Federal Dyer Act conviction of Interstate Transportation of a Stolen Motor Vehicle to be used to enhance punishment under the Oklahoma subsequent offender statute. In support of this contention petitioner relies on this Court's decision in *Goodwin v. State,* Okl. Cr., 492 P.2d 1117 (1972), wherein this Court held that a conviction for Interstate Transportation of a Motor Vehicle in a Texas Federal Court could not be employed under the subsequent offender statute. That decision failed to take into consideration the provisions of 21 O.S.1971, § 1715, "Bringing stolen property into the State", and 47 O.S. 1971, § 4–102, "Unauthorized use of a vehicle," and 47 O.S.1971, § 4–103, "Receiving or disposing of a vehicle."

Title 21 O.S.1971, § 54 provides:

"Every person who has been convicted in any other State, government or country of an offense which, if committed within this State, would be punishable by the laws of this State by imprisonment in the penitentiary, is punishable for any subsequent crime committed within this State, in the manner prescribed . . ., and to the same extent as if such first conviction had taken place in a court of this State."

■ Each of the foregoing offenses are defined as felony offenses in the Statutes of this State. The federal offense under the Dyer Act contains some of the same elements required in each of the foregoing

state offenses, i. e., illegal possession of a motor vehicle. Petitioner also cites this Court's decision in *Fischer v. State,* Okl.Cr., 483 P.2d 1165 (1971), to support his contention. However, *Fischer* is distinguishable from petitioner's case in that mere possession of a forged check is not in itself a violation of the Oklahoma Statutes. On the other hand, illegal possession of a vehicle is made an offense per se. Therefore, this Court finds that a conviction for the federal offense for the Interstate Transportation of a Stolen Vehicle falls within the provisions of 21 O.S.1971, § 54, and may be used to enhance punishment for a subsequent conviction in Oklahoma.

AND FURTHER, this Court finds that the decision in *Goodwin v. State,* supra, does not properly state the law in Oklahoma, and that decision should be, and is hereby, overruled.

Petitioner raises other alleged error in his petition filed in this matter, but he confines his argument to the two propositions discussed above. Therefore, the errors recited in the petition but not argued in his brief are denied. And, after giving this matter full attention and being fully advised in the premises, this Court further finds that the order of the Tulsa County District Court that denies petitioner's post conviction application should be affirmed. It is further found that petitioner has exhausted his state remedies.

IT IS SO ORDERED.

WITNESS OUR SIGNATURES, AND THE SEAL OF THIS COURT, this 24th day of March, 1978.

HEZ J. BUSSEY, P. J.
TOM BRETT, J.