Freddie James HANSON, Jr., Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–228.

Court of Criminal Appeals of Oklahoma.

March 31, 1986.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Freddie James Hanson, Jr., was convicted in the District Court of Tulsa County of Grand Larceny, After Former Conviction of Two or More Felonies. He received a sentence of twenty years' imprisonment as was recommended by the jury which convicted him.

During the afternoon of October 31, 1982, appellant was seen removing doors from a vacant theater. He was observed by the employees in several stores of the same shopping center who knew him from work he had done there in the two preceding weeks. Appellant also admitted removing the doors but testified that he did it for a man whom he believed to own or manage the property. He said this man was to return with $40 to pay him for his labor and that this man left with the doors in his van, but never returned. The other witnesses stated that appellant left with the doors in his van, and then appellant returned to the shopping center later that day. When asked about the doors by a store employee responsible for watching the theater, he said that he removed the doors for another man and he could not return them.

Appellant first assigns as error the absence of an instruction to the jury of his defense that he lacked knowledge that the property he was removing was actually being stolen; essentially that appellant lacked the requisite intent to permanently deprive another of their property. Although he neither objected to the instructions given nor requested one on this defense, he asserts that it was fundamental error for the trial court to not give the instruction.

The trial court specially elaborated in its instructions on proof of the required intent to permanently deprive. The instructions defined "Intent to Deprive Permanently" as the "Purpose forever to deny the person in rightful possession of the use or value of property." The instruction immediately following informed the jury this question was a material fact of deliberate intention which they must find beyond a reasonable doubt.

■■■ Appellant's defense consisted merely in refuting the existence of an element of the offense. When a defendant neither objects to instructions given nor submits requested instructions, reversible error does not occur if the instructions which are given properly state applicable law. *McDoulett v. State,* 486 P.2d 654 (Okl.Cr.1971); *see also, Gomez v. State,* 567 P.2d 505 (Okl.Cr.1977). We find that the instructions given herein sufficiently apprised the jury of the applicable law, including that regarding appellant's defense.

■■■ Appellant was charged with committing Grand Larceny, After Former Conviction of Two Felonies, which felonies were charged in the amended second page as 1979 convictions of Unauthorized Use of a Motor Vehicle, and further alleged to be final judgments. He now asserts for the first time that the State could not rely on those convictions for enhancement purposes because the State did not prove appellant was represented by counsel or waived counsel when convicted of those felonies, and because the prosecution did not prove those judgments were final. Appellant admitted on direct and on cross examination that he had two convictions of Unauthorized Use of a Motor Vehicle. We have consistently ruled since our case of *Tucker v. State,* 473 P.2d 332 (Okl.Cr.1970), that the defendant has the burden of proof when making a collateral attack on a judgment and sentence for lack of assistance of counsel. See, *Lee v. State,* 576 P.2d 770 (Okl.Cr.1978). Appellant has not even at-

tempted to meet his burden, and has given us no reason to believe he was without counsel on those occasions. Further, in the absence of an objection or evidence proving otherwise, it may be concluded that a conviction admitted by a defendant at trial, and more than six months old in which no appeal has been taken is final. Waiver of appeal is effected and the judgment may be used to enhance punishment in a subsequent trial. *Bowen v. State*, 586 P.2d 67 (Okl.Cr.1978). Having not perfected an appeal to this Court of his 1979 convictions, appellant's judgments were final and properly relied upon to enhance punishment.

Finally, appellant contends that the trial court erred in not instructing the jury of the State's burden to prove former convictions beyond a reasonable doubt. The jury was instructed they could find appellant guilty of Grand Larceny, After Former Conviction of Two Felonies, or not guilty. The trial court was not required, however, upon appellant's confession of the prior convictions to give an alternative instruction on the primary offense. We have previously held that in such a situation, there is no factual question for the jury of whether a defendant is guilty of the primary offense or the offense charged after former convictions. *Jones v. State*, 527 P.2d 169 (Okl.Cr.1974). We find no error by the trial court in this regard.

Finding no error warranting reversal or modification, judgment and sentence is AFFIRMED.

PARKS, P.J., specially concurs.

BRETT, J., concurs in results.

PARKS, Presiding Judge, specially concurring:

I write separately to address the majority's treatment of the sentencing issues in this case. The jury in this case was given only one punishment alternative, to-wit: guilty of the primary offense, after former conviction of two or more felonies, with the minimum punishment being twenty (20) years imprisonment. *See* 21 O.S. 1981, § 51(B). The majority says this procedure

was proper because the appellant admitted the existence of two prior offenses while on the witness stand. I disagree.

In *Dean v. State*, 502 P.2d 358 (Okl.Cr. 1972), this Court held the decision whether to find an accused guilty of a former conviction is always within the province of the jury. *Id.* at 360. Furthermore, in *Hudson v. State*, 78 Okl.Cr. 160, 145 P.2d 774 (1944), we specifically stated that:

> [r]egardless of any admissions made by defendant at the trial, it was still the function of the jury to determine as a fact that the defendant had suffered the prior convictions as alleged in information and they should [be] so instructed.

*Id.*, 145 P.2d at 778. The punishment phase is still a trial. *See* 22 O.S. 1981, § 860. The State still has the burden of proving beyond a reasonable doubt its allegations relating to punishment. *See Mitchell v. State*, 659 P.2d 366 (Okl.Cr.1983). Certainly, it would be error of fundamental magnitude to direct a verdict of guilty in the first stage of trial even if the defendant had admitted guilt on the stand. *See, e.g., Kramer v. State*, 97 Okl.Cr. 36, 257 P.2d 521 (1953). *Accord Newman v. State*, 239 So.2d 913 (Miss.1970). Because the punishment still is a trial, I fail to find the distinction between treatment of a defendant in the first stage of trial, as compared to the second stage. I am therefore of the opinion that the trial court erred in failing to give the jury the option of finding one prior offense, or no prior offenses, and assessing punishment accordingly.

Nevertheless, in *Jones v. State*, 527 P.2d 169, 173 (Okl.Cr.1974), (overruled on other grounds) this Court held that admission under oath of a former conviction leaves no fact question for the jury to decide. That case has been repeatedly relied upon by unanimous Courts as precedent for over a decade. Therefore, although I disagree with the rule, I am compelled to concur with the result in this opinion as a matter of *stare decisis*. *See Golden v. State*, 695 P.2d 6 (Okl.Cr.1985). I do, however, urge the Court to reconsider this rule.