Paul J. CARTER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–604.

Court of Criminal Appeals of Oklahoma.

Sept. 22, 1986.

---

874

Patti Palmer, Asst. Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Paul J. Carter, was charged, tried and convicted in the District Court of Comanche County, Case No. CRF–83–712, for the offense of First Degree Robbery With a Dangerous Weapon, After Former Conviction of Two or More Felonies. His punishment was fixed at a term of twenty (20) years imprisonment. We affirm.

The appellant and a second individual entered a Jiffy Food Store in Lawton, on October 24, 1983, at approximately 10:50 p.m. The appellant handed the store clerk some money to pay for some food which he had purchased. When the clerk opened the cash register, the appellant's companion grabbed the clerk while the appellant reached into the register for money. Money was apparently dropped about on the floor. The store clerk closed and locked the register. As the clerk stepped back behind the store counter, he began to reach for a baseball bat placed behind the counter. The appellant followed the clerk behind the counter and grabbed the bat. The appellant struck the clerk with the bat above his left ear, causing a wound which required three stitches.

The appellant reached down to the floor and allegedly picked up some money lying on the floor. The men then attempted to leave the store. The store clerk seized the baseball bat from the appellant and began hitting the appellant with the bat as he left the store. Once outside the store, the clerk struck the appellant on the head with the bat, knocking him unconscious. The police arrived shortly and found the appellant lying semi-conscious on the parking lot while clutching $21.00 in his hand. The appellant was taken to the hospital for his injuries, subsequent to the police officers' arrival.

The appellant testified in his own defense and asserted that he was at the store to purchase illegal drugs from the clerk. The appellant had allegedly purchased the drugs and was attempting to leave the store when the clerk struck the appellant over the head for no apparent reason. Officer Snyder was present at the hospital when hospital personnel searched the appellant's clothing. No illegal drugs were found.

### I.

In his first assignment of error, the appellant contends that the evidence presented by the State was insufficient to support a conviction of robbery with a dangerous weapon. The appellant asserts that there was no use of force or fear in the alleged robbery. Moreover, he further asserts that force was only used to ensure his escape. Thus, there was no "robbery" by force or fear. We disagree.

■ The appellant correctly states that robbery is defined as the wrongful taking of personal property in the possession of another from his person or immediate presence and against his will, accomplished by means of force or fear. *Hazelwood v. State*, 538 P.2d 1072 (Okl.Cr.1975). To support his contention, the appellant relies upon *Kernell v. State*, 53 Okl.Cr. 259, 10 P.2d 287 (1932). In that decision, this Court similarly held that "the force or fear [sufficient to constitute robbery] must be employed either to obtain or retain possession of the property, or to prevent or overcome resistance to the taking." *Id.* at 288. In *Kernell*, the defendants attempted to drive away from a gas station without paying for the gasoline. One of the defendants held a gun upon the gas station attendant to aid in their escape. This Court held that such facts did not constitute the charge of robbery by force or fear, since no force was used in procuring the gasoline.

■ In the instant case, there was evidence introduced which supported the charge of robbery by force or fear. The record indicates that the appellant's companion grabbed the store clerk while the appellant reached into the cash register for money. The act of grabbing the clerk constituted sufficient force to satisfy this element of the offense.

■ Moreover, there was also competent evidence in the record which the jury could have reasonably concluded that the appellant, by brandishing the baseball bat, used force in attempting to retain possession of the money which had fallen to the floor. As this Court stated in *Dodson v. State*, 674 P.2d 57, 58 (Okl.Cr.1984):

... it is the exclusive province of the jury to weigh the evidence and determine the facts, and where there is competent evidence from which the jury might reasonably conclude that the defendant is guilty, the decision will not be reversed on appeal on a contention that the evidence is not sufficient.

Accordingly, the appellant's first assignment of error is without merit.

## II.

■ In his second assignment of error, the appellant asserts that he was deprived of the effective assistance of counsel when, during closing argument, counsel allegedly admitted his client's guilt and implied that his client had a propensity to lie. This assignment of error is without merit. During closing argument, the appellant's attorney stated:

What we're really looking at is the credibility of the two witnesses, including the defendant. Mr. Robinson and Mr. Carter. Those are your key witnesses in this case. Now, if we looked at Mr. Robinson's story I think that the State is right. All the elements of the charge are met. *If he's telling the truth. The question is is he telling the truth?* [Emphasis added.]

The appellant's counsel was attempting to convince the jury that his client was telling the truth and that the store clerk was not forthright with the jury.

■ The appellant also contends that his attorney implied that he did not always tell the truth. Again, we disagree. During closing arguments, the appellant's attorney also stated:

There are pieces of incidents of misconduct that Paul willingly told you about. He didn't try to hide anything. He brought it out. And he knows that you're going to have to decide whether he's telling you the truth or not..... If Paul Carter lies alot, if he's guilty of previous convictions, he's paid for that. Today—today you got to believe him. *He's telling you the truth today.* The one time is important is the truth. *I'm not saying he's a liar. I'm not saying he has ever lied before. I just am saying that if you think these previous convictions mean he's probably a liar, reconsider.* [Emphasis added.]

The foregoing passage indicates that the appellant's counsel was trying to dissuade the jury from believing that the appellant did have a propensity to lie. Furthermore, we have also examined this contention on the basis of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and find that the trial counsel's assistance does not appear to be deficient or to have prejudiced the defense. Therefore, this assignment of error is wholly without merit.

## III.

■ In his third assignment of error, the appellant claims that the trial court committed fundamental error in failing to deliver an instruction concerning his defense theory. We disagree. This Court has long held that "one may waive and does waive the giving of an instruction by failure to request it." *Wolf v. State*, 375 P.2d 283, 287 (Okl.Cr.1962). Moreover, "it is not error for the trial court to omit to instruct upon every possible question under defendant's theory of the case, when he has not requested such instructions." *Id.* In the instant case, the appellant has waived this assignment of error by failing to request an instruction.

■ Notwithstanding the appellant's failure to request an instruction, we find that the appellant's theory of defense was not a legal theory of defense. The appellant simply denied committing the offense. This "defense" did not warrant an instruction. Accordingly, this assignment of error is without merit.

## IV.

■ In his final assignment of error, the appellant claims the verdict form violated his constitutional right to jury determination of the former conviction issue. We disagree. The trial court did not submit to the jury the option of finding that appellant had suffered no prior convictions. However, the appellant admitted his prior convictions during direct examination. This Court has held that when the accused, under oath, confesses the former convictions, "there is no question of fact within the jury's province as to whether the [accused] is guilty of only the primary offense or of the primary offense after former conviction." *Reed v. State*, 580 P.2d 159, 162 (Okl.Cr.1978).[1] Accordingly, this assignment of error is without merit.

Finding no merit to the appellant's assignments of error, the judgment and sentence of the District Court should be, and hereby is, AFFIRMED.

BRETT and BUSSEY, JJ., concur.

---

1. *But see Hanson v. State*, 716 P.2d 688, 690 (Okl.Cr.1986), (Parks, P.J., Specially concur-ring).