**Billy HOWARD, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–701.**

Court of Criminal Appeals of Oklahoma.

June 10, 1987.

Rehearing Denied June 30, 1987.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

PARKS, Judge:

The appellant, Billy Howard, was tried by jury and convicted of Possession of a Stolen Vehicle, After Former Conviction of Two or More Felonies, in the District Court of Tulsa County, Oklahoma, Case No. CRF–85–763. The jury set punishment at twenty (20) years' imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

The evidence presented at trial showed that a van owned by Shotgun Sam's Pizza Parlor was stolen on the evening of February 16, 1985. The theft was reported to the Tulsa Police Department the following morning. On the evening of February 21st, a Tulsa police officer spotted the stolen van stopped at a traffic light, fell in behind the van in his cruiser, and radioed for backup. The officer followed the van until the backup unit containing two officers arrived, at which time the first officer turned on his emergency lights and siren. The van turned into a residential neighborhood in an attempt to elude the officers. Eventually one tire went flat on the van, and after continuing for another block on the flat tire, the tire was thrown from the rim. The driver lost control of the van, crossed a culvert, and stopped in an elementary school parking lot. The first patrol cruiser stopped in a position to block the front of the van, while the second cruiser blocked the rear of the van.

As the stolen van came to a stop, the passenger exited and ran toward the officers in the second patrol car, asking why they were being stopped. Testimony at trial established that the passenger was a hitchhiker who had been picked up by the appellant a few blocks before the patrol officer spotted them. The passenger testified he had never met the appellant before, which was corroborated at trial by the appellant.

The driver of the stolen van ran away from the police. He was apprehended and arrested after running six to eight paces. The appellant was identified as the driver by all three police officers.

At trial, James T. Winslow, president of the pizza parlor, testified that the appellant did not have permission or authority to possess the van. The three arresting officers and the passenger identified the appellant as the driver.

The appellant testified in his own behalf, and claimed he was not driving the van but merely jogging in the area when arrested. The appellant conceded on the stand that he had never met the passenger before the night of the arrest.

The appellant raises two assignments of error. In his first assignment of error, appellant asserts that the passenger, who was charged as a codefendant, made a plea bargain for a reduced sentence in exchange for his testimony against the appellant, and that the failure to reveal this alleged agreement to the jury deprived the appellant of a fair trial. Appellant relies primarily on *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *Binsz v. State*, 675 P.2d 448 (Okl.Cr.1984); and an unpublished opinion of this Court, *Zani v. State*, F–83–380.

■ Counsel's attention is drawn to the concluding paragraph of *Binsz*, 675 P.2d at 451, which expressly specifies that the opinion has no precedential value and was published merely to record the disposition of the two cases. Counsel is further reminded that unpublished opinions of this Court have no precedential value and are thus not binding. *Binsz* itself, however, relied on *Runnels v. State*, 562 P.2d 932 (Okl.Cr.), *cert. denied*, 434 U.S. 893, 98 S.Ct. 270, 54 L.Ed.2d 179 (1977), which applied *Napue* and *Giglio*. We turn, then, to *Runnels* for guidance.

In *Runnels, supra* at 936, we established a three prong test to determine whether due process of law was denied to a defendant: First, a key part of the State's case was presented at trial with an element affecting credibility intentionally concealed; second, the prosecutor knew or should have known of the concealment and failed to bring it to the attention of the trial court; and, third, the trier of fact was unable to

properly evaluate the case against the defendant because of the concealment.

Appellant's contention of a plea bargain is based solely upon an entry in the Appearance Docket which shows that on May 17, 1985, some three weeks after the trial, codefendant Fowler pled guilty to a misdemeanor charge of gross injury to personal property and received a six month suspended sentence. Appellant presents no evidence that Fowler was given a reduced sentence in exchange for his trial testimony against the appellant, or that a plea bargain was made prior to or during trial.

■ At trial the codefendant was subjected to extensive cross-examination in an unsuccessful effort to reveal the existence of an alleged plea bargain made in exchange for testimony against the appellant. The codefendant's testimony that the appellant was the driver of the stolen van was corroborated by the independent testimony of the three arresting officers. A new trial is not automatically required unless the false testimony, if there was false testimony here, could in any reasonable likelihood have affected the judgment of the jury. *Giglio, supra,* 405 U.S. at 154, 92 S.Ct. at 766. Since the codefendant's testimony was not a key part of the State's case and the trier of fact was able to properly evaluate the case against the appellant because of the independent testimony of the arresting officers, we find the appellant has failed to satisfy the first and third prongs of the *Runnels* test. This assignment of error, therefore, is without merit.

For his second assignment of error, the appellant asserts that the trial court committed fundamental error in submitting only two verdict forms to the jury. Rather than offer one form for not guilty and another form for guilty of Possession of a Stolen Vehicle After Former Conviction of Two or More Felonies, the appellant claims that "the Trial Court should have instructed the jury on the full range of punishment from first offense to conviction after one former conviction to conviction after two former convictions."

■ The appellant relies on this writer's dissent in *Hanson v. State,* 716 P.2d

688, 690 (Okl.Cr.1986). The appellant admitted on the stand to previous convictions of three former felonies. A majority of this Court holds that the only punishment allowable in this situation, under 21 O.S. 1981, § 51(B), is imprisonment of twenty years or more. *Williams v. State,* 720 P.2d 341, 343 (Okl.Cr.1986). Additionally, the appellant failed to object to the jury forms and the jury instructions and did not offer any instructions of his own, thereby waiving any error. *See Carter v. State,* 725 P.2d 873, 876 (Okl.Cr.1986). The appellant did not raise any legal defense but simply denied committing the offense, thereby waiving any requirement that the trial judge sua sponte instruct the jury on the appellant's "defense." *Id.* Accordingly, based on existing precedent, we find the appellant's second assignment of error is meritless.

Finding no merit to the appellant's assignments of error, the judgment and sentence of the District Court should be, and hereby is, AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.