Dorsey E. **WILLIAMS**, Appellant,

v.

**STATE of Oklahoma,** Appellee.

No. F–83–548.

Court of Criminal Appeals of Oklahoma.

June 5, 1986.

---

Ken Sue Doerfel, Terrill & Doerfel, Lawton, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Dorsey E. Williams, the appellant herein, was convicted by a jury in the District Court of Comanche County, Case No. CRF-82-948, for the offense of Knowingly Concealing Stolen Property, After Former Conviction of Two or More Felonies, and sentenced to twenty (20) years imprisonment. We affirm the judgment and sentence of the District Court.

On the morning of December 13, 1982, the Lawton home of Mark Forducey was burglarized. Taken were several rifles and some stereo equipment. Forducey reported the offense to Lawton police, and, in an effort to solve the crime, police caused information about the offense to be broadcast in the Lawton area.

The next morning, co-defendant J.B. Albert Brooks and two other men approached Jimmy Blackwell, an employee of Cliff's Auto Sales in Lawton. The men offered to sell Blackwell some guns and stereo equipment. Blackwell asked the men to return at 4:00 p.m. Blackwell became suspicious that the items might be stolen, because he had heard the broadcast which described those items taken in the Forducey burglary. Lawton police were contacted by Blackwell, and the car lot was placed under police surveillance.

At 3:45 p.m., Brooks and another man returned to the auto lot and asked Blackwell if he was still interested in purchasing the goods. Blackwell responded he would buy whatever goods the men had, if they would return with all of the items. Forty-five minutes later Brooks, the appellant, and two other men returned to the car lot. They were riding in appellant's car. The men carried the items into the car dealership. Police converged on the scene and arrested the suspects. They recovered four rifles, a Sony turntable, a Yamaha cassette deck, and Yamaha stereo receiver, all of which had been stolen from the Forducey residence.

Appellant later told police he had merely been asked to transport the goods in the trunk of his car. He told police he thought the goods might have been stolen property, but was not certain until the men arrived at the car lot.

### I.

In his first assignment of error, appellant complains the trial court improperly instructed the jury to reconsider its verdict on punishment. However, Oklahoma statutes and prior decisions of this Court do not lend support to appellant's argument.

The facts surrounding this issue reveal the jury returned a verdict of guilty following the first stage of trial. In the second stage, defense counsel stipulated that appellant had incurred two prior felony convictions, as alleged by the State. Furthermore, the transcript reveals appellant himself admitted during his testimony in the first stage of trial that he had suffered two previous felony convictions. The trial judge accordingly submitted to the jury only one verdict form relating to punishment, which authorized the jury to find appellant "guilty of Concealing and Withholding Stolen Property After Former Conviction of Two Felonies, and fix his punishment at: _____." Following deliberation on punishment, the jury returned with a verdict sentencing appellant to six years imprisonment. The trial court ordered the jury to return to the jury room and reconsider its verdict. The trial judge explained to trial counsel that the minimum sentence allowable under 21 O.S.1981, § 51(B) would be twenty years, and he would not accept any lesser sentence. Soon after the jury recommenced deliberations, they inquired whether twenty years would be the minimum sentence allowed. The trial judge responded affirmatively, and the jury returned the twenty year sentence. Appellant now claims the trial court's refusal to accept the first verdict was improper.

Initially, we note that our statutes provide for the trial court to take specific corrective action if the jury returns a verdict which is incorrect as a matter of law or form. Title 22 O.S.1981, § 918 states, in part, that:

When there is a verdict of conviction in which it appears to the court that the jury have mistaken the law, the court may explain the reason for that opinion, and direct the jury to reconsider their verdict....

Title 22 O.S.1981, § 919 further provides:

If the jury renders a verdict not in form, the court may, with proper instructions

as to the law, direct them to reconsider it, and it cannot be recorded until it be rendered in some form from which it can be clearly understood what is the intent of the jury.

Further, a majority of this Court[1] has previously held that when a defendant confesses on the stand, or defense counsel stipulates, that he has suffered two or more prior felony convictions, the only punishment allowable is imprisonment of twenty years or more, pursuant to 21 O.S.1981, § 51(B), and the jury should be instructed accordingly. *Coleman v. State*, 540 P.2d 1185 (Okl.Cr.1975). Under existing precedent of this Court, therefore, we agree with the trial court that the initial sentence was improper, and the trial court correctly required the jury to reconsider its verdict. This assignment of error must be rejected.

## II.

Appellant's counsel failed to cite relevant and specific authority in support of his second assignment of error, and it is accordingly without merit. *See Kennedy v. State*, 640 P.2d 971 (Okl.Cr.1982).

## III.

In his next assignment of error, the trial court is alleged to have erred in refusing to suppress evidence which was the product of appellant's arrest. According to appellant, the arrest was effected without probable cause. However, we have concluded that the arrest was based on probable cause and, therefore, was not unlawful.

In *Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964), the United States Supreme Court declared that police have probable cause to effect an arrest where

... the facts and circumstances within their knowledge and of which they [have] reasonably trustworthy information [are] sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.

*See Hanson v. State*, 716 P.2d 688, (Okl.Cr.1986) (Parks, P.J., Specially Concurring).

---

1. This writer is of the opinion that such a procedure usurps the fact-finding function of the jury. However, I yield to *stare decisis* on this point.

*Id.* 379 U.S. at 91, 85 S.Ct. at 225. *Beck* requires only that the probable cause arise from "reasonably trustworthy information" that is "within [the officer's] knowledge." Therefore, the arresting officer need not have personal, direct knowledge of all the facts and circumstances which create probable cause. *See, e.g., Whiteley v. Warden,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). Police are, and should be, entitled to act on information provided by respectable citizens. *See, e.g., Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) (upholding an arrest for which probable cause was established by information provided by a witness to a crime). *See also Carey v. United States,* 377 A.2d 40 (D.C.1977).

In this case, citizen Jimmy Blackwell became suspicious the property offered him was stolen. This suspicion arose from the suspects' nervous behavior, and Blackwell's prior knowledge that similar property had been taken from Forducey. He called the police, relayed this information, and surveillance was established. At 4:30 p.m., when appellant and his companions returned with the property, they questioned Blackwell about the likelihood of police in the area, and Blackwell actually saw the property. From his vantage point across the street, Lawton Police Detective Mahamed saw the items being carried into the auto dealership. Mahamed confirmed in a telephone call to Blackwell that the merchandise was, indeed, inside the dealership. When police converged on the building, two of the suspects attempted to flee. We hold this information—supplied by personal observation and the statement of Jimmy Blackwell—supplied Mahamed with adequate probable cause to arrest this appellant. This assignment of error is without merit.

## IV.

Finally, appellant urges error occurred when his trial was not severed from that of his co-defendant J.B. Albert Brooks. The record shows appellant filed a motion for severance, but the motion was denied by the District Court. In rejecting this assignment of error, we remind appellant ... that "a severance is not a matter of right on the part of the defendant, but rests entirely in the judgment of the trial court, and a denial of motion for severance will not be disturbed on appeal unless there is a clear showing of an abuse of discretion." *Chance v. State,* 539 P.2d 412, 416 (Okl.Cr.1975). See, *Lemmon v. State,* 538 P.2d 596 (Okl.Cr.1975); *Haynes v. State,* 532 P.2d 1390 (Okl.Cr. 1975); *Grimes v. State,* 528 P.2d 1397 (Okl.Cr.1974). Further, this Court has previously encouraged the proper use of this State's joinder statutes, 22 O.S.1971, § 436, et seq., observing that such would operate to reduce the number of trials and the attendant expenses to the State and to the defendant. See the special concurrence to *Dodson v. State,* 562 P.2d 916 (Okl.Cr.1977), wherein the views of this Court were set out concerning the application of 22 O.S.1971, § 436, et seq., and the protection incorporated therein. *Faubion v. State,* 569 P.2d 1022, 1026 (Okl. Cr.1977).

There is not even a scintilla of evidence in the record that the presence of co-defendant Brooks during appellant's trial worked to the latter's prejudice. Brooks offered no defense testimony, and Brooks' counsel did not attempt to incriminate appellant during closing argument. Furthermore, the statements of each defendant did not contradict or incriminate the other. This assignment of error is without merit.

The judgment and sentence of the District Court is

AFFIRMED.

BRETT and BUSSEY, JJ., concur.