**Tommy L. HALL, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–311.**

Court of Criminal Appeals of Oklahoma.

March 24, 1988.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Wellon B. Poe, Jr., Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Tommy L. Hall, was charged, tried, and convicted in the District Court of Tulsa County in Case No. CRF–85–3029, of the crime of Second Degree Burglary After Former Conviction of Two or More Felonies and was sentenced to twenty (20) years imprisonment. From this judgment and sentence, he appeals.

During the early morning hours of July 29, 1985, Florence Payne and a group of people, including the appellant, were outside her home talking and listening to music. Across the street from Ms. Payne lived Chester Ferguson, a retiree, who was in the lawn care business. Mr. Ferguson had a trailer in his front yard where he kept all of his lawn equipment. Ms. Payne testified that early that morning, the appellant had noticed Mr. Ferguson's trailer, inquired about its contents, retreated to his car and then reapproached the trailer. She then observed the appellant open the back of the trailer, and with the help of two others, unload the equipment off of the trailer into a gray two-door Buick, and carry it away. In three separate trips the appellant carried off Mr. Ferguson's riding mower, push mower, sidewalk edger and blower trimmer. Ms. Payne further testified that she later mentioned the incident to her mother and told the police the same story later that morning. When Mr. Ferguson got ready to go to work that morning, he discovered that the trailer door he had secured the evening before was open and all of his equipment was missing. Subsequently, he also called the police.

In his first assignment of error, the appellant contends that the trial court improperly allowed the eyewitness, Florence Payne, to testify that the defendant had telephoned her concerning her upcoming trial testimony without the prosecution laying a proper foundation for its admission. He asserts that because Ms. Payne had never previously talked with him on the telephone, her identification of him as the caller should not have been allowed into evidence. We disagree. Title 12 O.S.1981, § 2901(A) states that the requirements of authentification or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims it to be. In the case of voice identification, familiarity with another's voice may be acquired either before or after the particular speaking which is the subject of the identification. 12 O.S.1981, § 2901(B)(5). In the instant case, Ms.

Payne testified that she knew the appellant, had seen him about twenty times and had talked with him five or six times, including less than a week before the phone call. Because of her previous conversations with the appellant, she knew his voice and was capable of and did in fact recognize and identify the appellant's voice over the phone. The appellant also stated that he knew Ms. Payne and had previously conversed with her. Moreover, the introduction or refusal of evidence is a matter solely within the trial court's discretion. *Chatham v. State,* 712 P.2d 72 (Okl.Cr. 1986). This assignment is without merit.

Next, the appellant asserts that the prosecution purposefully introduced irrelevant and prejudicial evidence at trial by attempting to introduce evidence concerning alleged threats made by the appellant's brother toward Ms. Payne. At the outset, we note that the statements made were objected to at trial, and the trial court sustained the objection and admonished the jury not to consider these statements. This Court has repeatedly held that when an objection to a statement is made, that objection is sustained and the trial court admonishes the jury to disregard the same, any error is cured. *Henderson v. State,* 716 P.2d 691 (Okl.Cr.1986). This assignment is without merit.

Finally, the appellant contends that the trial court erred in offering an instruction which instructed the jury that a minimum sentence for a guilty verdict was twenty years. It should first be noted that the appellant neither objected to the offered instruction nor did he request a different instruction. This Court has repeatedly held that in order to properly preserve an issue for appellate review, the appellant must object to the instruction and submit a requested instruction to the trial court at the time of the trial. *Clark v. State,* 718 P.2d 375 (Okl.Cr.1986).

Furthermore, on direct examination, appellant admitted that he was previously convicted of two felonies. It is well settled that when a defendant confesses two or more prior felony convictions there is no question of fact for the jury, and the mini-mum sentence allowed is twenty (20) years. *Williams v. State,* 720 P.2d 341 (Okl.Cr. 1986). We accordingly find that the trial court properly instructed the jury. Therefore, this assignment is without merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

Although I am of the opinion that the rule utilized in *Williams v. State,* 720 P.2d 341, 343 (Okl.Cr.1986), and cited by the majority, improperly usurps the fact-finding function of the jury, I am compelled by stare decisis to concur in the result. *See Hanson v. State,* 716 P.2d 688, 690 (1986) (Parks, P.J., specially concurring).