**Randy Vernon McADAMS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–85–315.**

Court of Criminal Appeals of Oklahoma.

Oct. 14, 1988.

Pete Gelvin, Asst. Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Randy Vernon McAdams, was convicted in the District Court of Oklahoma County, Case No. CRF-84-3265, of the crime of Robbery with Firearms after Former Conviction of Two Felonies in violation of 21 O.S.1981 §§ 801 and 51(B). The jury set punishment at twenty (20) years' imprisonment. After the trial court sentenced the appellant in accordance with the jury's verdict, the appellant perfected his appeal to this Court.

On July 6, 1984, at approximately 1:00 p.m., a white male, later determined to be appellant, wearing a ski mask and carrying a gun in his hand, entered a club and ordered the bartender to put money from the cash register into a bag. Appellant also ordered a vending company employee and a Coca-Cola route driver, both present during the robbery, to rake the money from the machines into a bag. Appellant fled the scene with approximately two-thousand dollars ($2,000.00) in currency and coins in a truck belonging to the vending company employee.

The manager of the club, also present during the robbery, told the police he believed the robber was Randy McAdams, the appellant, and informed them of appellant's address. The police found the stolen vehicle in the area where appellant lived. Later that day, the police spoke with the appellant and placed him under a warrantless arrest. On July 9, 1984, after being Mirandized, the appellant voluntarily confessed to his involvement in the robbery and admitted burying the money and money bags in the back yard of a girlfriend's house.

In his first proposition of error, appellant contends that his confession as well as the physical evidence from the robbery were the product of his illegal arrest, and as such should not have been admitted. We disagree. A peace officer, without a warrant, may arrest a person when a felony has in fact been committed and he has reasonable cause for believing the person arrested to have committed it. 22 O.S. Supp.1982, § 196(3). The standard for determining sufficient probable cause is whether the police have within their knowledge, reasonably trustworthy information sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964); *accord Williams v. State*, 720 P.2d 341, 343 (Okl.Cr.1986). In

*Williams,* this Court stated that the arresting officer need not have personal, direct knowledge of all the facts and circumstances which create probable cause. Police are entitled to act on information provided by respectable citizens. *Id.* at 344.

In the present case, an eyewitness, the manager of the club, testified that he believed the appellant had committed the robbery because of appellant's size, stature, and that only ten minutes had expired between the time appellant left the club and the robbery. The manager knew the appellant for several months. The appellant had been a regular customer of the club, had been on the club's softball team, and had been playing pool with the manager for about thirty minutes before the robbery. The detective also testified that the manager told him he believed the robber to be the appellant based on the appellant's mannerisms and that he was in the club shortly before the robbery. The stolen vehicle was found in the area where appellant lived. The officer did not act on his own "mere suspicion" as appellant claims; the officer acted on the information given him from an eyewitness.

We find from the totality of the facts and circumstances that the police officer had reasonably trustworthy information sufficient to establish reasonable cause for believing the appellant had committed the robbery and therefore had probable cause to arrest the appellant. The physical evidence and confession of appellant were thereby properly admitted into evidence.

■ In his second proposition of error, the appellant contends there was insufficient evidence to support the jury's verdict of guilty. Appellant contends the evidence was insufficient under two tests. One test is that any rational trier of fact could find guilt beyond a reasonable doubt. *See Spuehler v. State,* 709 P.2d 202, 203–204 (Okl.Cr.1985); *Roberts v. State,* 715 P.2d 483, 485 (Okl.Cr.1986). The other test is that the evidence presented must exclude every reasonable hypothesis except that of guilt. However, we need not determine the sufficiency under the reasonable hypothesis test because this test is used when a conviction is based solely on circumstantial evidence. *See Tharps v. State,* 555 P.2d 1054, 1058 (Okl.Cr.1976). In the present case, the proof presented at trial consisted of both direct and circumstantial evidence; therefore, the proper test for sufficiency is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Riley v. State,* 760 P.2d 198 (Okl.Cr.1988). Applying this test, we find after a thorough examination of the record, that there was sufficient evidence presented at trial from which a rational trier of fact could have found appellant guilty of Robbery with Firearms. Therefore, we conclude appellant's second proposition is without merit.

In appellant's third and last proposition, he contends the trial court improperly admitted his confession into evidence because it was inherently unreliable and untrustworthy. Appellant argues his confession was a result of threats from a codefendant and that his confession was inconsistent with the details of the robbery. We disagree. A careful examination of appellant's confession and in camera testimony reveals the details of the confession were substantially the same as the witnesses and the evidence presented at trial concerning the robbery. There is also no evidence to suggest the confession was coerced, unreliable, or untrustworthy. In fact, the trial court found that the confession by appellant was freely, voluntarily, knowingly and understandingly given and was therefore admissible. This evidence taken in camera was sufficient to support the trial court's ruling that appellant's statement was voluntarily made and thus admissible, and will not be disturbed on appeal. *See Smith v. State,* 674 P.2d 569 (Okl.Cr. 1984). Appellant's third assignment of error is therefore denied.

Accordingly, finding no error warranting modification or reversal, the judgment and sentence is AFFIRMED.

BUSSEY and PARKS, JJ., concur.