Leslie Dewayne YARRINGTON, Petitioner–Appellant,

v.

Steven J. DAVIES, Secretary of Corrections, Respondent–Appellee.

No. 92–3009.

United States Court of Appeals, Tenth Circuit.

April 30, 1993.

---

Charles A. O'Hara of O'Hara, O'Hara & Tousley, Wichita, KS, for petitioner-appellant.

JaLynn Copp, Asst. Atty. Gen., Topeka, KS, for respondent-appellee.

Before SEYMOUR and ANDERSON, Circuit Judges, and RUSSELL,* District Judge.

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner appeals from an order of the district court denying his petition.for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Yarrington v. Davies,* 779 F.Supp. 1304 (D.Kan.1991). On appeal, he continues to argue that his trial counsel was ineffective because counsel misstated the burden of proof during voir dire and opening argument and because counsel did not object to inadmissible evidence. We affirm.

Petitioner was convicted in Kansas state court of first degree murder. His conviction was affirmed. *State v. Yarrington,* 238 Kan. 141, 708 P.2d 524 (1985). After his two state petitions for post-conviction relief were denied, he commenced this action for federal habeas corpus relief raising the issues listed above.[1]

The district court determined that petitioner was not denied effective assistance of counsel. Although the court found it difficult to understand how counsel could have misstated the burden of proof during his voir dire and opening argument, the court determined that such misstatements were not "fatal to petitioner's cause nor to counsel's effectiveness." *Yarrington v. Davies,* 779

---

* Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

1. Petitioner also alleged that counsel was ineffective because he did not properly voir dire the jury. Petitioner does not continue to assert this allegation on appeal.

F.Supp. at 1307. Because counsel correctly stated the proper burden during his closing argument and because the prosecution during voir dire and arguments and the trial judge during instructions correctly placed the burden of proof on the state and properly stated the presumption of innocence, the district court concluded petitioner's constitutional rights were not denied by counsel. *Id.* Also, the court concluded that petitioner was not denied counsel guaranteed by the Sixth Amendment or that but for counsel's error the outcome of the trial would have been different. *Id.* With regard to petitioner's allegation that counsel did not object to the introduction of certain evidence, the district court determined that although objection would have been proper, failure to object was not such that the outcome of the proceedings would have been different or that petitioner was denied counsel guaranteed by the Sixth Amendment. *Id.* at 1308.

■ When a petitioner alleges a claim of ineffective assistance of counsel, he must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *see Lockhart v. Fretwell*, —— U.S. ——, ——, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993). Counsel's performance is deficient when counsel does not function as counsel guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Deficient performance prejudices the defense when the errors are so serious as to deprive the petitioner of a fair trial with a reliable result. *Id.* We review a claim of ineffective assistance of counsel de novo. *Bailey v. Cowley*, 914 F.2d 1438, 1440 (10th Cir.1990).

■ Petitioner argues that his counsel was ineffective because counsel incorrectly placed the burden of proof on petitioner during voir dire and in the opening statement. During voir dire, counsel told the jury that petitioner must prove beyond a reasonable doubt that he is not guilty and that counsel would attempt to prove him innocent beyond a reasonable doubt. Appellant's App. at 126. Also, during the opening statement, counsel stated that he would attempt to prove petitioner's innocence. *Id.* at 3. As the district court recognized, however, counsel corrected his error during his closing statement and stated that the burden is on the state to prove petitioner's guilt beyond a reasonable doubt. *Id.* at 14. Moreover, the state trial court instructed the jury that the statements, arguments, and remarks of counsel are not evidence. *Id.* at 707. Furthermore, the court instructed the jury

The law places the burden upon the State to prove the Defendant is guilty. The law does not require the Defendant to prove his innocence. Accordingly, you must assume that the Defendant is innocent unless you are convinced from all of the evidence in the case that he is guilty. You should evaluate the evidence admitted in this case and determine whether the Defendant is guilty or not guilty entirely in accordance with these instructions. The test you must use is this: If you have no reasonable doubt as to the truth of any of the claims made by the State, you should find the Defendant guilty. If you have a reasonable doubt as to the truth of any of the claims made by the State, you should find the Defendant not guilty.

*Id.* at 707–08.

In concluding that petitioner's trial counsel was not ineffective, the district court cited *Mahorney v. Wallman*, 917 F.2d 469 (10th Cir.1990). Although we agree with the district court's conclusion that petitioner did not prove that counsel was ineffective, we believe that *Mahorney* is distinguishable from this case.

■ In *Mahorney*, the prosecutor made misstatements concerning the presumption of innocence during voir dire and closing arguments. Recognizing that ordinarily claims of prosecutorial misconduct and other trial errors are reviewed on habeas under the fundamental fairness standard set forth in *Donnelly v. DeChristoforo*, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974), this court determined that "when the impropriety complained of effectively deprived the defendant of a specific constitutional right, a habeas claim may be established without requiring proof that the entire trial was thereby rendered fundamentally unfair." *Mahorney*,

917 F.2d at 472. Because the presumption of innocence is constitutionally rooted, this court refused to be constrained by the fundamental fairness standard under the circumstances in *Mahorney. Id.*

Unlike the prosecutor's remarks in *Mahorney,* trial counsel's misstatements in this case did not prejudice a specific constitutional right so as to amount to a denial of that right. *See Donnelly,* 416 U.S. at 643, 94 S.Ct. at 1871. It is settled that the presumption of innocence remains with the defendant throughout every stage of trial, including jury deliberations. *Mahorney,* 917 F.2d at 471 n. 2. That presumption, despite counsel's negligent misstatements of the burden of proof at voir dire and during his opening argument, did remain with petitioner throughout the trial. *Cf. id.* at 473 (prosecutor's comments conveyed to jury the presumption had been eliminated prior to deliberations). The prosecutor at all times correctly stated the burden of proof; trial counsel later, during his closing argument, stated the proper burden of proof; and the state trial court correctly instructed the jury as to the burden of proof. Therefore, there was no constitutional violation like that in *Mahorney.*

Furthermore, counsel's initial misstatements did not make petitioner's trial so fundamentally unfair as to deny petitioner due process. *See Donnelly,* 416 U.S. at 645, 94 S.Ct. at 1872. Accordingly, we conclude that even though the district court based its conclusion on erroneous reasoning, it correctly concluded petitioner's Sixth Amendment right to effective assistance of counsel was not denied by counsel's misstatements of the burden of proof. *See McGee v. Equicor-Equitable HCA Corp.,* 953 F.2d 1192, 1198 (10th Cir.1992) (court of appeals can affirm on other grounds when district court bases its conclusion on erroneous reasoning); *Bath v. National Ass'n of Intercollegiate Athletics,* 843 F.2d 1315, 1317 (10th Cir.1988) (same).

Petitioner also argues that his counsel was ineffective because he failed to object to the introduction of certain evidence. Primarily, petitioner contends counsel failed to object to hearsay, including statements of Crissy Merrill, who invoked the protections of the Fifth Amendment privilege against self incrimination. Petitioner sets forth specific examples of the alleged inadmissible evidence in his brief on appeal. *See* Brief of Appellant at 3–8.

■ Counsel's actions are usually based on strategic choices. *Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066. Mere failure to object to evidence does not render an attorney ineffective. *Watson v. Marshall,* 784 F.2d 722, 726 (6th Cir.1985), *cert. denied,* 476 U.S. 1107, 106 S.Ct. 1955, 90 L.Ed.2d 363 (1986). In this case, petitioner's attorney, on at least one occasion, did move to strike hearsay. *See, e.g.,* Appellant's App. at 299–300. Thus, petitioner has not overcome the presumption that counsel's failure to object at other times may have been trial strategy. *See Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

■ Nonetheless, courts need not determine whether counsel's performance was deficient before examining prejudice. *Id.* at 697, 104 S.Ct. at 2069. Petitioner must show that there is a reasonable probability that but for counsel's failure to object, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the fact-finder would have had a reasonable doubt respecting guilt.... In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the ... jury." *Id.* at 695, 104 S.Ct. at 2068–69; *see also United States v. Soto Hernandez,* 849 F.2d 1325, 1330 (10th Cir.1988) (most useful way to judge counsel's performance during trial is by careful review of record).

■ Under Fed.R.App.P. 10(b)(2), the appellant is given the responsibility of providing us with the appropriate record for appeal. *Deines v. Vermeer Mfg. Co.,* 969 F.2d 977, 978 (10th Cir.1992). "Moreover, 'it is counsel's responsibility to see that the record excerpts are sufficient for consideration and determination of the issues on appeal and the court is under no obligation to remedy any failure of counsel to fulfill that responsibility.'" *Id.* at 979 (quoting *General Order,* 10th Cir., Oct. 25, 1990, p. 5); *see* 10th Cir.R.

10.3. Petitioner has not provided a sufficient record for us to review this argument. Nonetheless, because of the seriousness of a conviction of first degree murder, we sua sponte obtained the trial transcript. *See, e.g., Cox v. United States,* 881 F.2d 893, 894 n. 1 (10th Cir.1989).

After reading the transcript of the trial, we agree with the district court's determinations that while objections to the hearsay evidence would have been proper, the failure to object did not cause petitioner's counsel to be ineffective or cause the outcome of the trial to be different. *Yarrington v. Davies,* 779 F.Supp. at 1308. Additionally, the result of the proceeding was not "fundamentally unfair or unreliable." *Lockhart,* —— U.S. at ——, 113 S.Ct. at 842.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.