39 F.3d 1193
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Steven Randall THOMPSON, Petitioner-Appellant,
v.
James S. SAFFLE, and Attorney General of the State of
Oklahoma, Respondents-Appellees.
 Nos. 93-5251, 93-5263.
 United States Court of Appeals, Tenth Circuit.
 Nov. 10, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 I. Background
 
 2
 Petitioner Steven Randall Thompson appeals from the district court's denial of his petition for a writ of habeas corpus. Petitioner is currently serving ten consecutive twenty-year sentences for his conviction in Oklahoma state court of ten counts of Uttering a Forged Instrument or Coin After Former Conviction of Two or More Felonies. He petitioned for habeas corpus relief pursuant to 28 U.S.C. 2254. We exercise jurisdiction pursuant to 28 U.S.C. 2253 and affirm.
 
 
 3
 The district court referred this petition to a federal magistrate judge. In his report and recommendation, the magistrate listed petitioner's claims as follows: (1) prosecutorial misconduct denied him a fair trial; (2) the jury was instructed improperly; (3) his punishment was excessive and therefore violated the Eighth Amendment's prohibition of cruel and unusual punishment; (4) the trial court erred in calculating his sentence; (5) he received ineffective assistance of counsel; (6) his multiple convictions constituted double jeopardy; and (7) the state failed to prove his prior convictions. The magistrate found petitioner's claims of prosecutorial misconduct and improper jury instructions meritless. The magistrate further found that petitioner's remaining claims were procedurally barred because he failed to raise them on direct appeal, and recommended that the petition for writ of habeas corpus be denied.
 
 
 4
 The district court adopted the magistrate's report and recommendation, except in regards to petitioner's claim of excessive punishment. Finding that petitioner had raised this claim on direct appeal, the district court nevertheless dismissed the claim on its merits and denied the petition for writ of habeas corpus.
 
 II. Excessive Punishment
 
 5
 We agree with the district court that this claim is not procedurally barred for failure to raise it on direct appeal, and we further agree that the claim fails on the merits.
 
 
 6
 The length of sentences imposed for crimes classified as felonies is properly determined by legislatures. Hutto v. Davis, 454 U.S. 370, 374 (1982). Federal courts should rarely review legislatively mandated terms of imprisonment. Id. at 374.
 
 
 7
 Petitioner was convicted of ten separate counts of Uttering a Forged Instrument or Coin. His sentence of twenty years for each count was the minimum sentence allowable under Oklahoma law. Okla. Stat. Ann. tit. 21, 51(B) (West 1983); see also Middaugh v. State, 767 P.2d 432 (Okla.Crim.App.1988) (upholding sentence of five consecutive twenty-five year terms for five counts of Uttering a Forged Instrument After Former Conviction of Two or More Felonies). Because petitioner's sentence comports with the mandate of the Oklahoma Legislature, we hold that it is not excessive.
 
 III. Jury Instructions
 
 8
 "Habeas proceedings may not be used to set aside a state conviction on the basis of erroneous jury instructions unless the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense...." Brinlee v. Crisp, 608 F.2d 839, 854 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980). Here, petitioner alleges that the trial court improperly instructed the jury regarding the burden of proof necessary to prove his prior felony convictions. Petitioner himself, however, admitted his prior felony convictions at trial. Thus, there was no question of fact for the jury to decide. See Hall v. State, 753 P.2d 372, 374 (Okla.Crim.App.1988) (trial court properly instructed jury that minimum sentence was twenty years when defendant admitted at trial to two previous felony convictions). Therefore, the trial court's allegedly erroneous instruction could not have rendered petitioner's trial fundamentally unfair, and his conviction will not be set aside.
 
 IV. Prosecutorial Misconduct
 
 9
 A claim of prosecutorial misconduct is not sufficient to justify habeas relief unless the conduct results in a trial "so fundamentally unfair as to deny [the petitioner] due process." Donnelly v. DeChristoforo, 416 U.S. 637, 645 (94 S.Ct. at 1872) (1974). In evaluating whether a prosecutor's remarks effectively denied petitioner due process, "we must take notice of all the surrounding circumstances, including the strength of the state's case." Coleman v. Brown, 802 F.2d 1227, 1237 (10th Cir.1986), cert. denied, 482 U.S. 909 (1987).
 
 
 10
 Petitioner alleges that the prosecutor made improper comments throughout the trial. After a thorough review of the trial transcript, the magistrate concluded that petitioner had not met the Donnelly test. In light of the significant evidence of petitioner's guilt presented at trial, we agree that petitioner has not demonstrated that the prosecutor's comments so infected the trial that petitioner was denied due process. We therefore conclude that petitioner's claim of prosecutorial misconduct is without merit.
 
 V. Issues Not Raised on Direct Appeal
 
 11
 A state prisoner who has defaulted his federal claims in state court pursuant to a state procedural rule may not obtain federal habeas review of the defaulted claims unless the prisoner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). We agree that, with the exception of the claim of ineffective assistance of counsel, petitioner's remaining claims are procedurally barred. Because of the unique considerations implicated by ineffective assistance claims, such claims may be raised for the first time in a collateral proceeding. Osborn v. Shillinger, 861 F.2d 612, 621 (10th Cir.1988). We review a claim of ineffective assistance of counsel de novo. Yarrington v. Davies, 992 F.2d 1077, 1079 (10th Cir.1993).
 
 
 12
 Petitioner claims that he received ineffective assistance from his trial counsel because counsel (1) advised him to take the stand in his own defense, (2) failed to subpoena a witness who had stated that the witness would not testify in petitioner's defense, and (3) told the jury during voir dire that petitioner would take the stand in his own defense and admit to being a drug dealer. In addition, petitioner claims that his counsel on appeal was ineffective because he did not argue that (1) three counts should have been charged as misdemeanors rather than felonies, and (2) his conviction of multiple counts amounted to double jeopardy.
 
 
 13
 In order to show that petitioner received ineffective assistance of counsel, he must show that his counsel performed deficiently and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show that his counsel's performance was deficient, petitioner must show that, considering all the circumstances of the case, "counsel's representation fell below an objective standard of reasonableness." Id. at 688. Because "[j]udicial scrutiny of counsel's performance must be highly deferential," the petitioner must overcome a strong presumption that, under the circumstances of the case, counsel's actions were sound trial strategy. Id. at 689.
 
 
 14
 Using these standards, petitioner's claims fail. All the actions that allegedly demonstrate the ineffectiveness of petitioner's trial counsel could have been part of a sound trial strategy. Therefore, petitioner has failed to show that his trial counsel was ineffective within the meaning of Strickland.
 
 
 15
 Petitioner has not shown that his counsel on appeal provided him with ineffective assistance either. Petitioner supplies no statutory or case law support for his argument that three of his felony convictions were actually misdemeanors. The Oklahoma statutes define a felony as a crime that may be punishable by death or imprisonment. Okla. Stat. Ann. tit. 21, 5 (West 1983). Defendant was convicted of ten counts of second degree forgery, Uttering a Forged Instrument or Coin. 1592. Second degree forgery is punishable by imprisonment in the state penitentiary for a period not to exceed seven years. 1621. Because the crime is punishable by imprisonment, it is a felony.
 
 
 16
 Petitioner's claim of double jeopardy is likewise without merit. Several of the counts petitioner was convicted of occurred on the same day. Petitioner contends that transactions occurring on one day should be considered part of a single count of Uttering a Forged Instrument or Coin. Section 1592, however, prohibits utterance of a counterfeit instrument; the section contains no references to time. Moreover, the Court of Criminal Appeals of Oklahoma has held that each forged check is a distinct offense, regardless of whether the checks were presented on the same day. Lott v. State, 491 P.2d 337, 340 (Okla.Crim.App.1971).
 
 VI. Conclusion
 
 17
 The district court's dismissal of the petition for writ of habeas corpus is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470