**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 28, 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

TONY SUMLER,

        Plaintiff-Appellant,

v.

THE BOEING COMPANY,

        Defendant-Appellee.

No. 04-3309

(D.C. No. 02-1383-MLB)

(D. Kansas)

ORDER AND JUDGMENT [*]

Before **EBEL**, **TYMKOVICH**, Circuit Judges, and **BROWNING**, District Judge.[**]

Plaintiff-Appellant Tony Sumler appeals from the district court's grant of summary judgment in favor of Defendant-Appellee The Boeing Company ("Boeing"). Sumler raises two issues on appeal: (i) whether the district court erred when it concluded that Sumler had not created a genuine issue of material fact that Boeing discriminated against him on the basis of his race during a

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable James O. Browning, District Judge, United States District Court for the District of New Mexico, sitting by designation.

reduction in force ("RIF"); and (ii) whether the district court erroneously determined that Boeing was entitled to summary judgment on Sumler's retaliation claim. This Court has jurisdiction under 28 U.S.C. § 1291.

## **STANDARD OF REVIEW**

This Court reviews summary judgment *de novo*, "using the same standards applied by the district court." Stover v. Martinez, 382 F.3d 1064, 1070 (10th Cir. 2004). Thus, this Court assumes the evidence of the non-moving party to be true, construes all evidence in the light most favorable to the non-moving party, and draws all reasonable inferences in the non-moving party's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Byers v. City of Albuquerque, 150 F.3d 1271, 1274 (10th Cir. 1998). Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. at 251-52.

**RULES REGARDING THE RECORD ON APPEAL**

Rule 10 of the Federal Rules of Appellate Procedure provides that the "Record on Appeal" includes "the original papers and exhibits filed in the district court." Fed. R. App. P. 10(a)(1). Under rule 10.3 of the Tenth Circuit Rules, "[c]ounsel must designate a record on appeal that is sufficient for considering and deciding the appellate issues. Only essential parts of the district court record should be designated for the record on appeal. " 10th Cir. R. 10.3(A). The Tenth Circuit Rules also provide: "The court need not remedy any failure by counsel to designate an adequate record. When the party asserting an issue fails to provide a record sufficient for considering that issue, the court may decline to consider it. " Id. at 10.3(B). Moreover, the Tenth Circuit Rules require:

> When the appeal is from an order disposing of a motion or other pleading, the motion, relevant portions of affidavits, depositions and other supporting documents (including any supporting briefs, memoranda, and points of authority), filed in connection with that motion or pleading, and any responses and replies filed in connection with that motion or pleading must be included in the record.

Id. at 10.3(D)(2).

"'[I]t is counsel's responsibility to see that the record excerpts are sufficient for consideration and determination of the issues on appeal and the court is under no obligation to remedy any failure of counsel to fulfill that responsibility.'" Yarrington v. Davies, 992 F.2d 1077, 1080-81 (10th Cir. 1993)(quoting Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979 (10th Cir.

-3-

1992))(quotation omitted). "It is not this court's burden to hunt down the pertinent materials. Rather, it is Plaintiff's responsibility as the appellant to provide us with a proper record on appeal." Rios v. Bigler, 67 F.3d 1543, 1553 (10th Cir. 1995)(citing Fed. R. App. P. 10(b)(2); King v. Unocal Corp., 58 F.3d 586, 587 (10th Cir. 1995)). As this Court has explained, "we are reluctant to overturn a district court's ruling without being able to examine the evidence or arguments it heard in making its ruling." Questar Pipeline Co. v. Grynberg, 201 F.3d 1277, 1292 (10th Cir. 2000).

"An appellant who provides an inadequate record does so at his peril." Dikeman v. Nat'l Educators, Inc., 81 F.3d 949, 955 (10th Cir. 1996). If "the appellant's appendix is insufficient to permit assessment of this claim of error, we must affirm." Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1474 (10th Cir. 1997). See Travelers Indem. Co. v. Accurate Autobody, Inc., 340 F.3d 1118, 1121 (10th Cir. 2003)("The failure of . . . appellant . . . to include in the appendix the document that controls the resolution of the issues on appeal . . . deprives [the appellant] of the right to challenge the judgment of the district court."); Chasteen v. Unisia Jecs Corp., 216 F.3d 1212, 1221-22 (10th Cir. 2000)(concluding that "[b]ecause [the appellant] has failed to provide this court with a sufficient record to determine the appropriateness of summary judgment on the issue [on appeal] . . . , we cannot . . . disturb the district court's judgment"); Scott v. Hern, 216 F.3d

897, 912 (10th Cir. 2000)("Where the record is insufficient to permit review we must affirm."); Deines v. Vermeer Mfg. Co., 969 F.2d at 980 ("Given the state of the record on appeal as above summarized, it is obvious that we cannot review [the plaintiff's] appellate contentions . . . .").

## ANALYSIS

After receiving an extension of time, Sumler filed his Appellant brief and appendix. The appendix contains, among other things, Boeing's motion for summary judgment, and the response and reply thereto. Sumler did not, however, include any of the exhibits or other documents that the parties attached to these motions before the district court. Boeing did not provide a supplemental appendix when it filed its Appellee response. See 10th Cir. R. 30.2(A)(1) ("An appellee who believes that the appellant's appendix omits items that should be included may file a supplemental appendix with the answer brief.").

At oral argument, this Court questioned the decision to not include any evidence -- such as the depositions and affidavits upon which the district court relied --in the record on appeal. Following oral argument, the Court granted Sumler's opposed motion seeking leave from the Court to file a supplemental appendix under rule 30.2(B) of the Tenth Circuit Rules. See 10th Cir. R. 30.2(B)("No other appendix may be filed except by order of the court."). Thus, the supplemental appendix is now part of the record on appeal.

Upon review of the record, the Court discovered that Sumler's supplemental appendix contains evidence supporting only his contentions and does not include many of the exhibits -- such as affidavits, declarations and depositions -- submitted to the district court with Boeing's motion for summary judgment. Boeing's motion for summary judgment's "Statement of Uncontroverted Facts" contains 182 paragraphs, approximately 109 of which rely solely on evidence that Sumler did not place in the record before this Court. In his response to Boeing's motion, Sumler disputed 31 of those 109 paragraphs. Thus, the record on appeal does not contain any of Boeing's evidence offered in support of the 31 paragraphs that Sumler disputed at the district court. Despite the Court's grant of leave to file a supplemental appendix, which, under rule 10.3 it was under no obligation to do, Sumler still has not provided the material necessary for this Court to conduct its *de novo* review.

Sumler raises two appellate issues: (i) whether the district court erred in finding that no genuine issue of material fact existed on Sumler's discrimination claim; and (ii) whether Sumler created a genuine issue of material fact that Boeing unlawfully retaliated against him. On the discrimination claim, Sumler alleges that Boeing's proffered legitimate non-discriminatory reason that it placed trainer-facilitators based on interview performances, as opposed to experience or education, is pretext for discrimination. The record on appeal, even after the

Court gave Sumler the opportunity to supplement it, however, does not contain sufficient evidence from which this Court can review this issue. Likewise, the record is inadequate for this Court to review whether Boeing unlawfully retaliated against Sumler because the record contains no evidentiary support for Boeing's contentions. "Because [the appellant] claims that the district court's finding that there was no genuine issue of material fact was contrary to the evidence, it must 'include in the record . . . all evidence relevant to that finding or conclusion.'" Questar Pipeline Co. v. Grynberg, 201 F.3d at 1292 (quoting Fed. R. App. P. 10(b)(2)). Because Sumler has not provided the Court with all of the evidence in dispute, the record on appeal is inadequate to determine whether the district court erred in holding that no genuine issue of material fact existed on either the discrimination or the retaliation claim. "[T]o conduct our *de novo* review, we must necessarily review the materials before the district court." Sanpete Water Conservancy Dist. v. Carbon Water Conservancy Dist., 226 F.3d 1170, 1175 (10th Cir. 2000)(emphasis added). Because of the record's inadequacies and deficiencies, this Court affirms the district court's grant of summary judgment in favor of Boeing.

The district court's decision is therefore **AFFIRMED**. The Clerk of the Court provisionally granted on November 15, 2004, appellant's request to seal the

appendix. That request is hereby granted.

Entered for the Court

James O. Browning
District Judge